CASE 43—PETITION EQUITY—JUNE 29.

# Alexander's ex'rs, &c., vs. Smith, &c.

APPEAL FROM MERCER CIRCUIT COURT.

1. See the opinion for the facts showing that the failure, for a time, to deposit a mortgage for record was neither actually nor constructively fraudulent as to creditors.

2. Slaves bought by a husband, with money obtained by his wife from her father's estate, were, in law, the property of the husband, and liable to the payment of his debts.

KAVANAUGH & HANKS, for appellants, cited 16 *B. Mon.*, 476; 1 *Rev. Stat.*, 280; 17 *B. Mon.*, 782.

G. W. DUNLAP for appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The deposit of the mortgage with the clerk, with instructions not to record it until instructed by the mortgagee, may have been constructively, but we do not believe that it was actually, fraudulent, or injuriously deceived any creditor of the mortgagor, and, consequently, we must adjudge it effectual from its registration.

We have reason to presume that the mortgage was made in good faith to secure a just debt. As it was only on the individual property of the mortgagor his partner in the stock carried, soon after its date, to the South by the mortgagor, who afterwards wrongfully withheld the proceeds, was not injured by the suspension of the registration, unless he would otherwise have gone with the stock himself, or secured himself in some other way against the loss which resulted to him. But had the mortgage been instantly recorded, there is no reason to presume that he would have had actual notice of it before the sale of the stock; or that, even if he had, he would have apprehended either the fraudulent insolvency of the mortgagor, or his dishonest conversion of the whole of the proceeds of sale to his own exclusive use. There is neither any such allegation nor proof, and we cannot judiciously presume that which is neither alleged nor is intrinsically probable. We cannot, therefore, decide, that, as to the losing partner, the non-registration was any fraud, actual or constructive.

As the mortgage does not operate before its actual registration, and none of the individual creditors seem, either apparently or presumptively, to have been deceived or lulled prejudicially by its non-registration at its date, we cannot adjudge it fraudulent as to any of them.

As to the partner, Alexander, and the mortgagor's individual creditors, the judgment is therefore affirmed.

But as to the mortgagor's widow, we are constrained to come to a different conclusion.

We cannot judicially conclude that the $1,300 sent to her by her husband came out of the partnership fund, and, even if it had been abstracted from that fund, we could not hold her responsible for money given to her by her husband for her temporary maintenance, and probably used in that way.

But, however meritorious may be her claim to the proceeds of the sale of the slaves bought with her money obtained from her 'father's estate, those slaves, so far as her husband's creditors were concerned, were, in law, his, and, therefore, subject to the payment of his debts.

Wherefore, the judgment in her favor, as to two of those slaves, is reversed, and the cause remanded, with instructions to distribute the proceeds of their sale among her husband's creditors.